IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16CR312-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | MONEY JUDGMENT |
| v. | ) | AND PRELIMINARY ORDER |
| | ) | OF FORFEITURE |
| RICHARD WYATT DAVIS, JR. | ) | |

**THIS MATTER** is before the Court on the United States of America's Motion, (Doc. No. 71); pursuant to the Plea Agreement, (Doc. No. 39); Fed. R. Crim. P. 32.2(b)(1)(A), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), whereby the United States requests that Court enter an $8,000,000 forfeiture proceeds money judgment, such amount representative of the proceeds received by Defendant as a result of the fraud for which this Court recently sentenced Defendant, less the United States' best estimate of amounts recovered or to be recovered by the Special Master in the related Securities and Exchange Commission case (Case No. 3:16-cv-285-GCM), as well as a Preliminary Order of Forfeiture for a Ruger firearm that was purchased with fraud proceeds and later seized during the course of the investigation.

For good cause and based on the preponderance of the evidence, this Court hereby GRANTS the Motion, to which Defendant has not objected. The Court FINDS AS FOLLOWS:

**I.    Background**

Defendant pled guilty pursuant to Plea Agreement, (Doc. No. 39), to, among other offenses, a securities fraud scheme as charged in Count Three of a Bill of Indictment, (Doc. No. 3).[1]  The

---

[1] The Indictment charges other offenses but the United States does not use those offenses, to which Defendant did not plead guilty, as a basis for its calculations herein. Defendant also pled guilty to a tax evasion count, but that count does not provide a legal basis for forfeiture.

1

Indictment contained a Grand Jury finding of probable cause for, among other items, a $19,000,000 forfeiture money judgment calculated based on the numerous charged offenses, as well as forfeiture of seized firearms that Defendant purchased with fraud proceeds.

The Indictment, Factual Basis, (Doc. No. 40), and materials provided by the Special Master, (Doc. Nos. 51, 52), prior to sentencing, as well as sentencing materials, further detailed that, even after repayments to some investors, Defendant obtained in excess of $9.3 million during the course of the securities fraud scheme to which he pled. Further, Defendant's Plea Agreement required him to consent to forfeiture as set forth in the Indictment as well as forfeiture of seized firearms. (Doc. No. 39 at ¶ 10a-c).

Defendant did not consent to forfeiture at sentencing. As a result, this Court delayed the determination of forfeiture until the determination of restitution. As set forth in the Special Master's most recent Report, (Doc. No. 70), the Special Master has calculated that Defendant's securities fraud offense caused $9,317,073.07 in restitution losses, a figure approximately consistent with this Court's Guidelines calculations at sentencing. The Government advises in its Motion that, even assuming that the Special Master is able to effectuate additional massive recoveries between now and the close of the SEC receivership, the Government estimates that upon close of the receivership the securities fraud victims will still have net losses well in excess of $8,000,000.[2]

Based on this background, the United States requests in its Motion that this Court enter an $8,000,000 forfeiture Money Judgment and a Preliminary Order for a seized Ruger firearm that

---

[2] The Federal Public Defender's Office represents Defendant and, presumably, he is indigent. Further, the sentencing record on Defendant's financial circumstances strongly suggests that he no longer possesses the fraud proceeds and that the substitute property provisions of 21 U.S.C. § 853(p) are satisfied, providing additional need for a money judgment that is enforceable pursuant to Section 853.

Defendant purchased with fraud proceeds.[3]

## II. Legal Analysis

Fed. R. Crim. P. 32.2(b)(1)(A) provides for the entry of a "personal money judgment" in the "amount of money that the defendant will be ordered to pay." Rule 32.2(b)(1) also provides for entry of a Preliminary Order of Forfeiture of specific properties that the Court determines, based on evidence and information on the record, is connected to the offense. Title 18 U.S.C. § 981(a)(1)(C), applicable in this action by virtue of 28 U.S.C. § 2461(c), and incorporating the provisions of 18 U.S.C. § 1956(c)(7) and 1961(1), authorizes the forfeiture of securities fraud proceeds. Here, since the record supports the Government's forfeiture proceeds calculation and there is a nexus between the Ruger firearm and the offense, and since Defendant has agreed in his Plea Agreement to forfeiture, this Court will enter the requested $8,000,000 Money Judgment and issue a Preliminary Order of Forfeiture for the Ruger firearm.

**IT IS, THEREFORE, ORDERED**, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and/or 21 U.S.C. § 853(p), and Fed. R. Crim. P. 32.2, that the following are forfeited to the United States and the Government is authorized to take and maintain custody of any specific property for forfeiture:

> **A forfeiture proceeds money judgment in the amount of $8,000,000, such amount constituting the net proceeds of the offense of conviction. The Government may satisfy the money judgment via forfeiture of proceeds and/or substitute property as defined in 21 U.S.C. § 853(p); and**
>
> **One Ruger .22 caliber rifle, Serial Number 359-58314, magazine, and ammunition seized by law enforcement on or about January 24, 2017, during the course of this investigation.**

---

[3] Defendant used fraud proceeds to purchase multiple firearms. However, the United States was only able to locate and seize the Ruger. The circumstances of the purchase of the Ruger are set forth in the Affidavit at Case No. Case 3:17-mj-16, Doc. No. 2-2).

Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this Order to the extent that the Order constitutes a Preliminary Order for the firearm; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in the firearm must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the firearm, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the firearm and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in firearm as a substitute for published notice as to those persons so notified.

This Order is final to the extent that it is a Money Judgment. To the extent that this Order is a Preliminary Order for the firearm, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture for the firearm. If no petitions are filed, this Order shall become final by operation of law as provided for in Fed. R. Crim. P. 32.2(c)(2).

SO ORDERED

Signed: October 29, 2018

Robert J. Conrad, Jr.
United States District Judge